IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TYRONE JOHNSON, #02948-000, § | |
| Plaintiff, § | |
| § | |
| v.  § | CIVIL CASE NO. 3:17-CV-1901-D-BK |
| § | |
| § | |
| JIMMY G. NIXON, et al, § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States Magistrate Judge for judicial screening. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED** without prejudice for lack of jurisdiction.

**I. BACKGROUND**

On July 18, 2017, Plaintiff, a federal prisoner incarcerated in Marianna, Florida, filed a *pro se* complaint against Jimmy G. Nixon, Bernadette M. Brown, and Glenn D. Tucker, of Mesquite, Texas, for fraud, breach of duty, misrepresentation, and collusion. Doc. 2 at 4. Plaintiff asserts that, in 2014, he paid Defendants $8,527.00 to represent him, but they "failed to carry out" the "agreed upon task," causing him "great loss of (tangible) money, sovereignty, and pride of identity." Doc. 2 at 5. He avers that Defendants misrepresented themselves as attorneys specializing in "Citizenship Denouncing Cases." Doc. 2 at 5. Plaintiff also alleges Defendants colluded with Eileen Reyes-Lawrence – whom he describes as the manager of a California paralegal company and a known con artist within the Bureau of Prison – to deceive and scam Plaintiff. Doc. 2 at 6, 9; Doc. 7 at 21. Plaintiff avers that Defendants (1) deliberately misled him by failing to disclose their association with Ms. Reyes, (2) eventually abandoned his case, (3)

refused to respond to his letters requesting the return of prepaid fees and identity documents, and (4) moved their offices without notifying him.  Doc. 2 at 6; Doc. 7 at 4-7.

Plaintiff seeks the return of all his personal documents and records, as well as a refund of $8,527 in prepaid attorney's fees and costs.  Doc. 2 at 7; Doc. 7 at 14.  Plaintiff also seeks $900,000 in compensatory damages ($300,000 from each Defendant) and $2,250,000 in punitive damages ($750,000 from each Defendant).  Doc. 2 at 7; Doc. 7 at 14, 17, 23.[1]

## II. ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, 28 U.S.C. § 1332.  "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'"  *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008) (quoted case omitted).  Moreover, "the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

---

[1] Plaintiff also seeks disbarment of the attorney Defendants.  However, such a claim is not cognizable here.

The Court liberally construes pleadings filed by *pro se* litigants. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Plaintiff has not alleged facts that establish federal question or diversity jurisdiction.

### A. Federal Question Jurisdiction

The complaint, as supplemented by the *Answers to Magistrate Judge's Questionnaire*, wholly fails to present a federal cause of action. Rather, Plaintiff alleges only state law claims of fraud, breach of duty, misrepresentation, and collusion. Doc. 2 at 4-5; Doc. 7 at 4-7. That the allegations are made on the form provided for filing prisoner civil rights actions does not change the substance of Plaintiff's claims.

Indeed, if Plaintiff intends to bring a federal civil rights action against Defendants, he cannot satisfy the minimum requirements of 42 U.S.C. § 1983. See *West v. Atkins*, 487 U.S. 42, 48 (1988) (to pursue a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or law). First, Plaintiff's assertions of fraud, breach of duty, misrepresentation, and collusion, Doc. 7 at 3-11, do not amount to violations of the United States Constitution. Second, Plaintiff cannot show that Defendants, all private actors, acted under color of state law. See *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (section 1983 does not reach "private conduct, no matter how discriminatory or wrongful").

### B. Diversity Jurisdiction

To the extent Plaintiff intends to rely on the parties' diversity of citizenship to establish subject matter jurisdiction in this Court, he also falls short. Assuming *arguendo* that there is complete diversity of citizenship among the parties, it is clear that Plaintiff has arbitrarily alleged an excessive amount in damages to meet the jurisdictional amount in controversy.[2] Doing so is prohibited and goes against the limited scope and purpose of the doctrine of diversity jurisdiction established by the United States Supreme Court. *See Thomson v. Gaskill*, 315 U.S. 442, 447 (1942); *see also Harris v. Illinois Cent. R. Co.,* 220 F.2d 734, 736 (5th Cir. 1955) (amount of damages for federal jurisdictional purposes must be estimated in good faith).

As the party invoking the Court's diversity jurisdiction, Plaintiff bears the burden of establishing the $75,000 amount in controversy by providing a factual basis for the damages claimed. *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002); *see also Diefenthal v. C. A. B.*, 681 F.2d 1039, 1052-53 (5th Cir. 1982) ("the party invoking [diversity] jurisdiction has the burden of establishing the factual basis of his claim by pleading or affidavit"). The general rule has been to accept the complaint's claimed amount in controversy, unless it appears or is shown that the amount is not claimed in good faith. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). The "good faith" inquiry focuses on whether "the claim is really for less than the jurisdictional amount." *Id.* "[T]he value of the 'matter in controversy' is measured not by the monetary result of determining the principle involved, but by its pecuniary consequence to those involved in the litigation." *Gaskill*, 315 U.S. at 447. "[A] court would be

---

[2] Because Plaintiff resided in the District of Columbia before his incarceration, Doc. 7 at 1-2, he is deemed to be a citizen of that District for purposes of diversity jurisdiction. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 247-48 (3d Cir. 2013) ("Prisoners presumptively retain their prior citizenship when the gates close behind them."); *Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002).

remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Diefenthal*, 681 F.2d at 1052.

As mentioned *supra*, Plaintiff seeks over $3,000,000 in compensatory and punitive damages, due to Defendants' failure to return personal documents, plus $8,527 in prepaid attorney fees and costs. Doc. 2 at 7. However, the complaint, as supplemented by Plaintiff's answers to the *Magistrate Judge's Questionnaire*, offers no facts that support the amount of compensatory and punitive damages sought. Doc. 2 at 5-7; Doc. 7 at 4-23. In response to the Court's direction to specifically describe the harm he suffered, Plaintiff simply states that the basis for the damages sought are his loss of liberty and $60,000,000 in potential government cash payouts. Doc. 7 at 4. Even if it results from Defendants' misrepresentations, Plaintiff's speculation that a lawsuit denouncing his citizenship would have culminated in his release from custody and a government payout of $60,000,000 is both fanciful and delusional, and cannot support a finding that this case involves at least $75,000 in controversy. *See Bailey v. U.S. Fid. & Guar. Co.*, 181 F.3d 96, 1999 WL 346942, at *2 (5th Cir. 1999) (unpublished) (frivolous claim failed to provide a good faith basis to support the amount in controversy requirement). Plaintiff also alleges that he suffered health problems because of the fraud, including high blood pressure, depression, and anxiety. Doc. 7 at 4, Doc. 2 at 7. However, even in the unlikely event he could establish that his medical conditions are proximately related to Defendants' fraudulent activities, they so not support his extraordinary requests for $900,000 in compensatory damages and $2,250,000 in punitive damages. As such, Plaintiff's damage claims lack a good faith basis. *See Carr v. FHM Magazine Co.*, No. 3:02-CV-1029-D, 2002 WL 1477427, at *2 (N.D. Tex. Jul. 5, 2002) (finding that $20,000,000 in damages for stress stemming from failure to deliver a magazine was not pled in good faith and dismissing for lack of subject matter jurisdiction).

### C. Supplemental Jurisdiction

Because the complaint does not present a sufficient basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"). Thus, on that basis as well, Plaintiff's state claims are subject to dismissal without prejudice.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke, 587 F.3d 764, 767–68 (5th Cir. 2009)*. Here, the facts as alleged by Plaintiff clearly demonstrate a lack of subject matter jurisdiction. In addition, the Court has already given Plaintiff the opportunity to supplement his complaint by his answers to the *Magistrate Judge's Questionnaire*. Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED** without prejudice for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** April 13, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to f specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE